IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-237-D
No. 5:13-CV-674-D

| | |
|---|---|
| RONNELL LAMONT PERRY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On May 9, 2012, Ronnell Lamont Perry ("Perry") pleaded guilty, pursuant to a plea agreement [D.E. 91], to distribution of a quantity of cocaine base (crack) and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. See [D.E. 82]. On December 11, 2012, after granting the government's motion under U.S.S.G. § 5K1.1, the court sentenced Perry to 108 months' imprisonment and 3 years' supervised release. See [D.E. 137]. Perry did not appeal, and his conviction became final on December 31, 2012. See Fed. R. App. P. 4(b)(1); Clay v. United States, 537 U.S. 522, 527–28, 532 (2003).

On September 23, 2013, Perry filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. See [D.E. 153]. On September 30, 2013, Perry filed an addendum to his section 2255 motion [D.E. 158]. Perry relies on Alleyne v. United States, 133 S. Ct. 2151 (2013), and makes three arguments. First, Perry argues that the indictment was invalid under Alleyne because it failed to list a drug quantity in count four (i.e., the count to which Perry pleaded guilty). See [D.E. 153] 1–2. Second, Perry argues that Alleyne precluded this court from making findings of fact at his sentencing hearing concerning Perry's possession of a weapon and obstruction of justice

to increase his advisory guideline range. Id. 2 (discussing U.S.S.G. §§ 2D1.1(b)(1), 3C1.1). Third, Perry argues that his guilty plea was invalid because count four of the indictment did not include a drug weight, which Perry claims is an element of his offense of conviction. See [D.E. 158] 1–2.

Perry's arguments fail. First, even if this court ignores the section 2255 waiver in Perry's plea agreement, [D.E. 91] ¶ 2(c),[1] Alleyne does not help Perry. Simply put, Alleyne is not retroactive to Perry's conviction, which became final before he filed his section 2255 motion. See, e.g., In re Payne, No. 13-5103, 2013 WL 5200425, at *1–2 (10th Cir. Sept. 17, 2013); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013); Willoughby v. United States, Nos. 3:13-cv-493-FDW, 3:99-cr-24-FDW-6, 2013 WL 5220774, at *2 (W.D.N.C. Sept. 17, 2013) (unpublished). Second, even if Alleyne were retroactive, Perry's arguments lack merit. Count four did include all elements of the offense and did not have to include a drug weight. See [D.E. 39] 2; 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2. Moreover, Alleyne has no impact on a court's ability to apply the advisory sentencing guidelines, including making findings of fact at sentencing about whether to apply section 2D1.1(b)(1) or section 3C1.1. See, e.g., Alleyne, 133 S. Ct. at 2163; United States v. Johnson, No. 12-2138, 2013 WL 5509152, at *6 (6th Cir. Oct. 7, 2013); United States v. Rodriguez, No. 12-1476,

---

[1] In Perry's plea agreement, Perry agreed:

> To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further <u>to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea</u>. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

[D.E. 91] ¶ 2(c) (emphasis added).

2013 WL 5345366, at *4 n.4 (1st Cir. Sept. 25, 2013); United States v. Claybrooks, No. 12-1413, 2013 WL 4757201, at *8 (7th Cir. Sept. 5, 2013); United States v. Wesley, No. 12-5028, 2013 WL 3803532, at *2 n.* (4th Cir. July 23, 2013) (per curiam) (unpublished). Finally, Perry's third argument concerning the validity of his guilty plea is a variant of his first argument concerning the failure to include a drug weight in count four. Count four included all elements of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 and did not have to include a drug weight. Thus, the court rejects Perry's attack on his guilty plea.

After reviewing the claims presented in Perry's section 2255 motion, reasonable jurists would not find the treatment of any of Perry's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c).

In sum, Perry's section 2255 motion [D.E. 153, 158] is DISMISSED. The court DENIES a certificate of appealability.

SO ORDERED. This 23 day of October 2013.

JAMES C. DEVER III
Chief United States District Judge

3