IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-237-D
No. 5:13-CV-674-D

| | |
|---|---|
| RONNELL LAMONT PERRY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On May 9, 2012, Ronnell Lamont Perry ("Perry") pleaded guilty, pursuant to a plea agreement [D.E. 91], to distribution of a quantity of cocaine base (crack) and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. See [D.E. 82]. On December 11, 2012, after granting the government's motion under U.S.S.G. § 5K1.1, the court sentenced Perry to 108 months' imprisonment and three years of supervised release. See [D.E. 137]. Perry did not appeal, and his conviction became final on December 31, 2012. See Fed. R. App. P. 4(b)(1); Clay v. United States, 537 U.S. 522, 527–28, 532 (2003).

On September 23, 2013, Perry filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. See [D.E. 153]. On September 30, 2013, Perry filed an addendum to his section 2255 motion [D.E. 158]. Perry relied on Alleyne v. United States, 133 S. Ct. 2151 (2013), and made three arguments. First, Perry argued that the indictment was invalid under Alleyne because it failed to list a drug quantity in count four (i.e., the count to which Perry pleaded guilty). See [D.E. 153] 1–2. Second, Perry argued that Alleyne precluded this court from making findings

of fact at his sentencing hearing concerning Perry's possession of a weapon and obstruction of justice to increase his advisory guideline range. Id. 2 (discussing U.S.S.G. §§ 2D1.1(b)(1), 3C1.1). Third, Perry argued that his guilty plea was invalid because count four of the indictment did not include a drug weight, which Perry claims is an element of his offense of conviction. See [D.E. 158] 1–2. On October 23, 2013, the court rejected Perry's arguments and dismissed his section 2255 motion [D.E. 160]. See also United States v. Redd, 735 F.3d 88, 91–92 (2d Cir. 2013) (per curiam); In re Payne, 733 F.3d 1027, 1029 (10th Cir. 2013); In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013) (per curiam). The court also denied a certificate of appealability. See [D.E. 160].

On November 18, 2013, Perry filed a motion for reconsideration [D.E. 163]. In the motion, Perry continues to make the same arguments concerning Alleyne. See id. 4–5. In addition, in his motion for reconsideration, Perry has added a variety of new claims.

A motion for reconsideration under Rule 59(e) is not a motion to amend. Moreover, Perry has not met the stringent standard under Rule 59(e), which bars a litigant from raising issues that the litigant could have raised before entry of the judgment. See, e.g., Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007); Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995); Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994); Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). Thus, the court denies the motion for reconsideration.

After reviewing the claims presented in Perry's motion for reconsideration, reasonable jurists would not find the treatment of any of Perry's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c).

In sum, Perry's motion for reconsideration [D.E. 163] is DENIED. The court DENIES a certificate of appealability.

SO ORDERED. This 18 day of December 2013.

/s/ James Dever
JAMES C. DEVER III
Chief United States District Judge