IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-237-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| RONNELL LAMONT PERRY, | ) | |
| | ) | |
| Defendant. | ) | |

On May 9, 2012, pursuant to a written plea agreement, Ronnell Lamont Perry ("Perry") pleaded guilty to distribution of a quantity of cocaine base (crack) and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. See [D.E. 39, 82, 91]. On December 11, 2012, the court held Perry's sentencing hearing. See [D.E. 137]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Perry's total offense level to be 33, his criminal history category to be V, and his advisory guideline range to be 210 to 240 months' imprisonment. See Resentencing Report. After granting the government's motion under U.S.S.G. § 5K1.1 and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Perry to 108 months' imprisonment. See id.; [D.E. 140]. Perry did not appeal.

On September 11, 2014, Perry moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 191]. On September 29, 2014, Perry filed an amended motion for a sentence reduction [D.E. 197]. On May 6, 2015, Perry filed a second motion for a sentence reduction [D.E. 201]. Perry's new advisory guideline range is 168 to 210 months'

imprisonment, based on a total offense level of 31 and a criminal history category of V. See Resentencing Report. Perry requests an 86-month sentence. See id.; [D.E. 201].

The court has discretion to reduce Perry's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Perry's sentence, the court finds that Perry engaged in serious criminal behavior. See PSR [D.E. 129] ¶¶ 13–16. Perry also obstructed justice during the investigation. See id. ¶ 17. Moreover, Perry is a violent recidivist and has convictions for second degree kidnaping, assault by pointing a gun, second degree burglary, resisting a public officer, possession with intent to sell and deliver cocaine (three counts), and possession of cocaine. See id. ¶¶ 20–29. Perry also has performed poorly on supervision and has a spotty work history. See id. ¶¶ 29, 32, 44–51. Nonetheless, Perry has taken some positive steps while incarcerated on his federal sentence. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Perry received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Perry's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Perry's motion for reduction of sentence under Amendment 782. See, e.g., Patterson,

2

671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Perry's motions for reduction of sentence [D.E. 191, 197, 201].

SO ORDERED. This 19 day of April 2018.

JAMES C. DEVER III
Chief United States District Judge